# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BILLY JOE MALONE, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | |
| | § | CASE NO. 4:14CV595 |
| COMMISSIONER OF SOCIAL | § | Judge Mazzant/Judge Bush |
| SECURITY ADMINISTRATION, | § | |
|     Defendant | § | |

## MEMORANDUM OPINION REGARDING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER OF REMAND

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On February 26, 2016, the report of the Magistrate Judge (Dkt. #14) was entered containing proposed findings of fact and recommendations that the decision of the Administrative Law Judge ("ALJ") be affirmed.

On March 11, 2016, Plaintiff filed objections to the Magistrate Judge's report (*see* Dkt. #17), objecting to his recommendation to affirm the ALJ decision. The Court has made a *de novo* review of the objections raised by Plaintiff, and having reviewed the administrative record, finds that Plaintiff's objections have merit and warrant remand.

Plaintiff objects to the ALJ's Listing analysis, arguing that it did not accurately reflect the time period and number of "attacks" requiring medical intervention sufficient to meet the requirements of Listing 3.03B. Plaintiff disputes the ALJ's conclusion that he had only five admissions in a 17-month period and provides documentation of ten attacks

1

in a 7-month period, all of which appear to be supported by citations to the record (*see* Plaintiff's Objections, Appendix 1).

At step three of the required sequential analysis, the Commissioner must determine whether the claimant has an impairment or combination of impairments that meet or equal the criteria of an impairment described in 20 C.F.R. Part 404, Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). As the ALJ acknowledges, Listing 3.03B requires asthma attacks, in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year, with every inpatient hospitalization for longer than 24 hours for control of asthma counting as two attacks. *See* Transcript at 67.

In making his determination that Plaintiff's frequency of attacks did not meet the Listing requirement, the ALJ considered the following five occurrences in a 17-month period: March 2012, December 2012, May 2013, June 2013, and July 2013, counting each as one attack, which does not meet the criteria of the Listing. *Id*. Plaintiff contends, however, that there were a total of ten attacks in a 7-month period rather than five attacks in a 17-month period as found by the ALJ.

Appendix 1 to Plaintiff's Objections brings to the Court's attention the following occurrences contained in the record: December 2012, February 2013, March 2013, May 2013, June 2013, and July 2013. *See* Plaintiff's Objection, Appendix 1. Three of these six occurrences (March 2013, May 2013, and July 2013) were inpatient hospitalizations for longer than 24 hours for control of asthma, counting as two attacks, for a total of ten attacks in a 7-month period, which does meet the requirement. *Id*.

Because the Magistrate Judge's report and recommendation does not address these additional occurrences which Plaintiff's objections have now clearly identified, the Court finds that remand is appropriate to address the ALJ's findings regarding the frequency of Plaintiff's asthma attacks.[1]

It is therefore ORDERED that the decision of the Administrative Law Judge is **REVERSED** and **REMANDED** for additional findings consistent with this opinion.

**IT IS SO ORDERED.**

**SIGNED this 18th day of March, 2016.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that had the ALJ's finding of five occurrences in a 17-month period been correct, the Court would agree that the Listing requirement was not met, and the case should be affirmed.